IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:25-CV-01547-FL-KS

| | | |
|---|---|---|
| JUSTIN ALLEN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE BUREAU OF INVESTIGATION, ONSLOW COUNTY SHERIFF'S OFFICE, NORTH CAROLINA DEPARTMENT OF JUSTICE, ROGER CHIP HAWLEY, SHERIFF CHRISTOPHER D. THOMAS, and NORTH CAROLINA ATTORNEY GENERAL JEFF JACKSON<br><br>Defendants. | ) | ORDER |

This matter is before the court for review of plaintiff's amended complaint (DE 15) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's complaint be dismissed in its entirety. Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff commenced this action October 14, 2025, and filed amended complaint February 9, 2026, asserting defendants violated his constitutional rights under the Due Process Clause of the United States Constitution. Plaintiff asserts claims against defendants North Carolina State Bureau of Investigation, Onslow County Sheriff's Office ("the Sheriff's Office"), and the North Carolina

Department of Justice. Liberally construing plaintiff's amended complaint, he also brings claims against Bureau of Investigation director Roger Chip Hawley, Onslow County Sherrif Cristopher D. Thomas, and North Carolina Attorney General Jeff Jackson.

Plaintiff alleges that a court order required plaintiff's removal from the North Carolina Sex Offender Registry ("the registry"). (Am. Compl. (DE 15) at 6). Despite this order, plaintiff "discovered his sex offender information was publicly disseminated on Facebook" through a website called "Offender Radar." (Id.). The Offender Rader page directed plaintiff to the registry's website, which still listed plaintiff as a sex offender despite the order requiring his removal. (Id.).

Plaintiff then contacted the Sheriff's Department, which requested a copy of the order directing plaintiff's removal from the registry. The Sheriff's Office later confirmed plaintiff had been removed from the registry, but the "Offender Radar" website continued to list plaintiff as a sex offender.

**COURT'S DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

The magistrate judge recommends dismissal of plaintiff's complaint in entirety where it seeks monetary damages against defendants who are immune from such relief, fails to state a claim for injunctive relief, and otherwise fails to state a claim under the Fourteenth Amendment. Plaintiff objected to each of these findings.[1]

As to plaintiff's claims for injunctive relief, plaintiff states in his objections he seeks "prospective injunction relief" against state officials under Ex parte Young; however, plaintiff's complaint does not show any ongoing violation of federal law. See DeBauche v. Trani, 191 F.3d 499, 505 (4th Cir. 1999) ("The Ex parte Young exception, however, applies only when there is an ongoing violation of federal law that can be cured by prospective relief. It does not apply when the alleged violation of federal law occurred entirely in the past."). Plaintiff alleges that his information has already been removed from the sex offender registry. (Compl. (DE 15) at 6). While he states the information remains on the "Offender Radar" website, this website, based on the amended complaint, appears to be a private, third-party website, not one maintained by the government. (See id.).

Turning to sovereign immunity, plaintiff argues dismissal on these grounds would be "premature" because he also seeks injunctive relief. First, as discussed above plaintiff's claim for injunctive relief fails. Plaintiff's complaint also explicitly requests monetary damages against defendants, (Compl. (DE 15) at 4-5), and he does not dispute the magistrate judge's finding that claims for monetary damages against defendants Bureau of Investigation and North Carolina Department of Justice are barred, which the court adopts on clear error review.

[1] Plaintiff did not object to the finding that the "Onslow County Sherrif's Office" is not a legal entity capable of being sued, and therefore the court adopts this finding under plain error review. See Diamond, 416 F.3d at 315.

Next, Plaintiff argues he states a plausible Fourteenth Amendment violation because "[o]nce a court ordered Plaintiff removed from the registry, continued dissemination of registry information plausibly deprived Plaintiff of protected liberty, privacy, and reputational interests without due process of law." (Pl's Objs. (DE 18) at 2). Plaintiff alleges his information was removed from the sex offender registry as soon as the Sheriff's Office was made aware of the court order requiring his removal. Plaintiff's conclusory statements that defendants violated his Fourteenth Amendment rights do not state a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Next, plaintiff suggests he alleged the personal involvement of state officials, allowing for a suit against them in their individual capacity. (Pl's Objs. (DE 18) at 3). This assertion is not supported by the complaint, which contains no allegations of personal involvement by state officials. (See generally Compl. (DE 15)).

Plaintiff also argues the magistrate improperly resolved factual disputes regarding whether "reasonably, negligently, deliberately, or with deliberate indifference[.]" (Pl's Objs. (DE 18) at 3). The M&R, however, made no finds regarding negligence, reasonableness or deliberate indifference. (See M&R (DE 17)).

Lastly, plaintiff requests leave to amend should the court find his complaint insufficient. In his request, plaintiff points to no additional facts that could cure the above defects. See Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) ("The plaintiffs failed to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint. In the circumstances, we conclude that the district court did not abuse its discretion in failing to give the plaintiffs a blank authorization to 'do over' their complaint."); Cozzarelli v.

Inspire Pharms. Inc., 549 F.3d 618, 630 (4th Cir. 2008). Accordingly, the court declines to grant plaintiff leave to amend his complaint.

In sum, plaintiff's objections to the M&R are unavailing, and the court adopts the magistrate judge's recommendation as its own.

**CONCLUSION**

The court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of October, 2026.

LOUISE W. FLANAGAN
United States District Judge